1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>KELLY BRENNAN, an individual, d/b/a KELLYSCASES.COM d/b/a KELLYS CASES d/b/a X PINK MASCARA, the INDIVIDUALS, PARTNERSHIPS AND/OR UNINCORPORATED ASSOCIATIONS DOING BUSINESS AS THE ALIASES IDENTIFIED ON SCHEDULE "A" and DOES 1-10,<br><br>        Defendants. | Case No. 14-05451-cv-RJB<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**<br><br>NOTED FOR CONSIDERATION: DECEMBER 22, 2014 |

        Plaintiff Chanel, Inc. ("Chanel"), hereby requests this Court enter Final Default Judgment pursuant to Fed. R. Civ. P. 55 against Defendants, the Individuals, Partnerships or Unincorporated Associations doing business as the iOffer.com auction stores and websites operating under the seller identification names and sub-domain names identified on Schedule "A" attached hereto (the "Seller IDs and Subject Domain Names") (collectively "Defendants"), and enter a permanent injunction and awards of statutory damages for Defendants willful

**STEPHEN M. GAFFIGAN, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

counterfeiting pursuant to 15 U.S.C. § 1117(c).  In support thereof, Chanel submits the following memorandum of law.

Good cause exists for the foregoing Order.  The Defendants in this matter have defaulted. Plaintiff served each Defendant with their respective Summons and a copy of the Complaint and First Amended Complaint via electronic mail on October 3, 2014.  The time allowed for Defendants to respond to the First Amended Complaint has expired and the Defendants have not filed an Answer or any other response, nor have they been granted an extension of time to respond.  The Clerk entered Default against each Defendant on November 20, 2014 pursuant to Rule 55(a).  As such, Plaintiff now moves the Court to grant Default Judgment against Defendants and submits the instant Motion in compliance with the Court's November 25, 2014 Order requiring the same.

Accordingly, this Motion is brought pursuant to Federal Rule of Civil Procedure 55.  The Court may enter Final Default Judgment against each Defendant pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). See FED. R. CIV. P. 55.  Upon entry of default, the well-pled factual allegations of Plaintiff's Complaint, other than those related to damages, will be taken as true.   In this case, Defendants are deemed to have admitted, upon default, all well-pled allegations in the First Amended Complaint

This Application is based upon the accompanying Memorandum of Points and Authorities and the Declarations of Adrienne Hahn Sisbarro, Stephen M. Gaffigan, Eric Rosaler and exhibits thereto, filed concurrently herewith, and the complete files and records of this action, and such other matters as Plaintiff may call to the Court's attention at or before the time of hearing.

DATED: December 22, 2014.                    Respectfully submitted,

                                             STEPHEN M. GAFFIGAN, P.A.

---

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

STEPHEN M. GAFFIGAN, P.A.

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

1

By: ___s:/smgaffigan/_____

2

Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)

3

401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301

4

Telephone: (954) 767-4819
Facsimile: (954) 767-4821

5

E-mail: leo@smgpa.net
E-mail: stephen@smgpa.net

6

Attorneys for Plaintiff, CHANEL, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

**STEPHEN M. GAFFIGAN, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

## MEMORANDUM OF POINTS AND AUTHORITES

### I.   INTRODUCTION

Plaintiff Chanel, Inc. ("Chanel" or "Plaintiff") initiated this action against, inter alia, Defendants, the Individuals, Partnerships or Unincorporated Associations identified on Schedule "A" attached hereto (the "Defendants") through the filing of its Complaint and First Amended Complaint in this matter for trademark counterfeiting and infringement as well as false designation of origin.

Defendants are in default, and the prerequisites for a default judgment have been met. As relief, Plaintiff seeks entry of final default judgment finding Defendants liable on all counts of Plaintiff's First Amended Complaint. Plaintiff prays such judgment includes the entry of a permanent injunction and awards of statutory damages to Plaintiff for Defendants willful counterfeiting pursuant to 15 U.S.C. § 1117(c).

### II.   STATEMENT OF FACTS

#### A.  Plaintiff's Rights.

Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. (See Declaration of Adrienne Hahn Sisbarro in Support of Plaintiff's Motion for Final Default Judgment ["Hahn Decl."] ¶ 2, filed herewith.) Chanel designs and markets a wide range of high quality products, including high quality costume jewelry, including bracelets, earrings, rings and necklaces, handbags, sunglasses, belts, shoes, and protective covers for portable electronic devices, including cell phones, and other goods, which are sold throughout the United States and worldwide. (See Hahn Decl. ¶¶ 3-5.)

Chanel is, and at all times relevant hereto has been, the owner of all rights in and to the federally registered trademarks in Paragraph 4 of the Declaration of Adrienne Hahn Sisbarro in

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

STEPHEN M. GAFFIGAN, P.A.

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

Support of Plaintiff's Motion for Final Default Judgment (the "Chanel Marks"). (See Hahn Decl. ¶ 4. See also United States Trademark Registrations of the Chanel Marks at issue ("Chanel Trademark Registrations") attached as Composite Exhibit "A" to Hahn Decl.) The Chanel Marks are used in connection with the manufacture and distribution of, among other things, high quality costume jewelry, including bracelets, earrings, rings and necklaces, handbags, sunglasses, belts, shoes, and protective covers for portable electronic devices, including cell phones, and other goods. (See Hahn Decl. ¶ 4.) The Chanel Marks are symbols of Plaintiff's quality, reputation, and goodwill and have never been abandoned. (Id. at ¶ 7.) Moreover, Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting its goods and associated trademarks. (Id. at ¶ 6.)  As such, the Chanel Marks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1). (See id.)

Further, Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with high quality costume jewelry, including bracelets, earrings, rings and necklaces, handbags, sunglasses, belts, shoes, and protective covers for portable electronic devices, including cell phones, and other goods, and has carefully monitored and policed the use of the Chanel Marks. (Id. at ¶¶ 6-7.) As a result of Plaintiff's efforts, members of the consuming public readily identify products bearing the Chanel Marks as being quality merchandise sponsored and approved by Plaintiff. (Id.)  Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality products. (See id. at ¶¶ 6-7.)

**B.  Defendants' Infringing Acts.**

As alleged by Plaintiff, admitted by default, and established by the evidence submitted herewith, Defendants operate the fully interactive commercial Internet iOffer.com auction stores and commercial Internet websites operating under the seller identification names and domain names identified on Schedule "A" attached hereto (the "Seller IDs and Subject

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

**STEPHEN M. GAFFIGAN, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

Domain Names"). As such, Defendants are the active, conscious, and dominant forces behind the sale of high quality costume jewelry, including bracelets, earrings, rings and necklaces, handbags, sunglasses, belts, shoes, and protective covers for portable electronic devices, including cell phones, and other goods, using trademarks which are exact copies of the Chanel Marks (the "Counterfeit Goods"). (First Amend. Compl. ¶¶ 4-12, 21-28; See also Hahn Decl. ¶¶ 9-15 and Comp. Ex. B thereto, filed herewith; Declaration of Stephen M. Gaffigan in Support of Plaintiff's Motion for Final Default Judgment Against Defendants ["Gaffigan Decl."] ¶¶ 2-4, filed herewith; Declaration of Eric Rosaler in Support of Plaintiff's Motion for Entry of Final Default Judgment ["Rosaler Decl."] ¶¶ 4-5 and Comp. Exs. A and B thereto.)

Further, as admitted by Defendants through default, at all times relevant, Defendants have had full knowledge of Plaintiff's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith. (First Amend. Compl. ¶¶ 21, 27, 46.) Defendants do not have, nor have they ever had, the right or authority to use the Chanel Marks for any purpose. (Hahn Decl. ¶ 13.) However, despite their known lack of authority to do so, Defendants have engaged in the activity of promoting and otherwise advertising, selling, offering for sale, and distributing her Counterfeit Goods via the fully interactive iOffer.com auction stores and websites operating under the Seller IDs and Subject Domain Names. (First Amend. Compl. ¶¶ 4-12, 21-28, 34-38, 41-45. See also Hahn Decl. ¶¶ 9-15; Rosaler Decl. ¶¶ 4-5 and Composite Exhibits A and B attached thereto.)

Plaintiff's evidence, obtained as a result of its investigation of Defendants, clearly demonstrates Defendants are engaged in the fraudulent promotion, advertisement, distribution, offering for sale, and sale of goods bearing counterfeits of the Chanel Marks. As part of Chanel's ongoing investigation regarding the sale of counterfeit and infringing products within the state of Washington, Chanel learned that Defendant Kelly Brennan was engaged in

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

**STEPHEN M. GAFFIGAN, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

promoting, advertising, offering for sale and/or selling at least phone cases under the Chanel Marks without Chanel's authorization under the aliases "kellyscases.com," "Kellys Cases," and "X Pink Mascara." (Hahn Decl. ¶ 9.) Upon examination of Defendant Brennan's advertised goods, Chanel determined the products bearing the Chanel Marks offered for sale were non-genuine Chanel products. (Id.) After Chanel initiated this action and served the Complaint, Defendant Brennan identified her suppliers of the fake Chanel-branded goods at issue as the commercial Internet iOffer.com auction stores and commercial Internet websites operating under the Seller IDs and Subject Domain Names. (Id.)

In order to verify Defendant Brennan's identification of the remaining Defendants as suppliers, Chanel retained AED Investigations, Inc., a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing Chanel-branded products by those Defendants and to determine their payee data for the receipt of funds for the sale of counterfeit Chanel-branded merchandise through the Seller IDs and Subject Domain Names. (Hahn Decl. ¶ 10; Gaffigan Decl. ¶ 4; Rosaler Decl. ¶ 3.) Eric Rosaler ("Rosaler"), an officer of AED Investigations, Inc., accessed the Internet based auction stores associated with Defendants' Seller IDs and went through the purchasing process[1] for various products bearing counterfeits of, at least, one of the Chanel Marks at issue in this action. (See Rosaler Decl. ¶ 4 and Comp. Ex. A thereto.) Following the submission of his orders, Rosaler received information for finalizing payment for each of the Chanel-branded items ordered via PayPal to Defendants' respective PayPal accounts as follows:

| Seller IDs and Subject Domain Names | PayPal Accounts |
|---|---|
| armani39635 | xiatian95147@126.com; |

---

[1] Rosaler intentionally did not finalize his purchases from the Internet based auction stores so as to avoid contributing funds to Defendants' coffers. (See Rosaler Decl. ¶ 4, n.1; Gaffigan Decl. ¶ 4.)

|  | shaofan3581@126.com |
|---|---|
| hohot | ladygomo@126.com;<br>yoaremimi@126.com;<br>jiujiuone1@126.com |
| iphone6shop | huangping201388@yahoo.com |
| kaiem8886 | huxiaofan139@163.com;<br>pangdahai2001@163.com;.<br>xiashanhu2014@163.com |
| ring2013 | tianyanrujv0630@outlook.com |
| wideseaintl | No PP Account[2] |

(*Id.*)

After being redirected by iOffer.com seller wideseaintl to the Subject Domains to complete his purchases via PayPal, Rosaler accessed the commercial Internet websites operating under the Subject Domain Names identified in the table below, and placed orders for the purchases of various products, all bearing counterfeits of, at least, one of the Chanel Marks at issue in this action. (See Rosaler Decl. ¶ 4, n. 2.)  Rosaler received information for finalizing payment for the various Chanel branded products ordered via PayPal to Defendants' respective PayPal accounts, as follows:

| Subject Domain Name | Chanel Branded Item Purchased | PayPal Account |
|---|---|---|
| ustrendy.com/store/casemoda | phone case | CustomerCare@ustrendy.com |
| wish.com/merchant/casemoda | phone case | orders@wish.com |

(See Rosaler Decl. ¶ 5 and Comp. Ex. B thereto.) Subsequently, Rosaler sent detailed web page captures of the Chanel-branded phone cases purchased from Defendants via the Subject Domain Names to Chanel for review and analysis. (See Rosaler Decl. ¶ 5 and Comp. Ex.

---

[2] Rosaler attempted to place an order for a Chanel branded product from this seller, however he was informed that this seller does not accept payment via PayPal through the ecommerce store. This seller then referred Rosaler to the Subject Domains to complete his purchases of the Chanel branded products via PayPal.  Rosaler was required to actually finalize a purchase from each of the Subject Domain Names in order to obtain the respective PayPal information.

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

STEPHEN M. GAFFIGAN, P.A.

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

B thereto; Hahn Decl. ¶¶ 11-12.)

The detailed web page listings and images of the Chanel-branded phone cases purchased by Rosaler from Defendants via Subject Domain Names, were reviewed by Chanel's representative, Ms. Hahn Sisbarro, who determined the products to be non-genuine, unauthorized Chanel products. (Hahn Decl. ¶¶ 11-12, 15.) Ms. Hahn Sisbarro also reviewed and visually inspected Defendants' Internet auction stores and websites, as well as pictures of items bearing the Chanel Marks offered for sale by Defendants via their Seller IDs and Subject Domain Names, and likewise determined the products were not genuine Chanel goods. (Id. at ¶¶ 13, 15.) Ms. Hahn further confirmed that Defendants do not have, nor have they ever had, the right or authority to use the Chanel Marks. Further, the Chanel Marks have never been assigned or licensed to be used on any of the Seller IDs and Subject Domain Names.   (Id. at ¶ 9.)

**C. Procedural Background.**

Plaintiff filed this action in this Court on June 6, 2014. (ECF No. 1.)   Plaintiff subsequently filed its First Amended Complaint against Defendants on September 3, 2014. (ECF No. 19.)

On August 14, 2014, Plaintiff filed its *Ex Parte* Application for (1) Temporary Restraining Order; (2) Order Restraining Transfer of Assets; and (3) Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Application for TRO"), (ECF No.  13 through 16), along with its Stipulation to Amend Complaint (ECF No. 12) to include the Defendants identified in Schedule "A" attached hereto in the Application for TRO.[3]  On August 22, 2014, this Court granted Plaintiff's Application for TRO (ECF No.  18) and subsequently converted the temporary restraining order into a preliminary injunction on September 4, 2014 (ECF No.  24).

---

[3] Plaintiff's *Ex Parte* Application for (1) Temporary Restraining Order; (2) Order Restraining Transfer of Assets; and (3) Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Application for TRO"), together with supporting exhibits and declarations are incorporated herein by reference. (ECF No. 13 through 16).

The Temporary Restraining Order and Preliminary Injunction required, *inter alia*, PayPal, Inc. ("PayPal") to restrain all accounts and to divert to a holding account for the trust of the Court all funds currently in, or which during the pendency of the Order come in to, Defendants' identified PayPal accounts, including all PayPal accounts linked to, associated with, or that transmit funds into Defendants' identified bank accounts.  Subsequently, I received notice from PayPal that it complied with the requirements of the Court's Orders, and funds estimated in the amount of $16,972.70 were restrained. (Gaffigan Decl. ¶ 7). The Temporary Restraining Order and Preliminary Injunction also required the domains, wish.com and ustrendy.com, to identify all financial accounts, PayPal or otherwise, associated with the subdomains operating under the Subject Domain Names and restrain all accounts identified and to divert to a holding account for the trust of the Court all funds currently in, or which during the pendency of the Order come in to, Defendants' identified financial accounts, including all financial accounts linked to, associated with, or that transmit funds into Defendants' identified bank accounts.  Subsequently, I received notices from wish.com and ustrendy.com that they complied with the requirements of the Court's Orders, and funds estimated in the amount of $64.61 were restrained by ustrendy.com.[4]   The final estimated amount associated with Defendants' financial accounts which were restrained pursuant to the Court's Orders totaled $17,037.31.  (Id.)

On September 25, 2014, Plaintiff filed its Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (ECF No. 30), which the Court granted on September 29, 2014 (ECF No. 33).  Pursuant to the Court's Order, Plaintiff served each Defendant with their respective Summons and a copy of the Complaint and First Amended Complaint via electronic mail ("e-mail") on October 3, 2014.

---

[4] There was no outstanding balance in Defendants' accounts identified by wish.com as their system had automatically processed all payments to Defendant prior to receiving notice of the Temporary Restraining Order.  Thus, there were no funds available to restrain from the website operating under the Subject Domain Name wish.com/merchant/casemoda.

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

**STEPHEN M. GAFFIGAN, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

Plaintiff filed the Proof of Service as to Defendants on October 16, 2014 (ECF No. 36). The time allowed for Defendants to respond to the First Amended Complaint has expired. (Gaffigan Decl. ¶ 10.)  Defendants have not been granted any extension of time to respond, nor have they served or filed an Answer or other response. (Id. at ¶ 11.)  To Plaintiff's knowledge, none of the Defendants are infants or incompetent persons, and, upon information and belief, none of the Defendants are individuals; therefore, the Servicemembers Civil Relief Act does not apply.  (Id. at ¶ 12.)  On November 20, 2014, the Clerk entered default against each Defendant, for failure to appear, plead, or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (ECF No. 37). Plaintiffs now move the Court to grant Default Final Judgment against Defendants. Plaintiffs now move the Court to grant Default Final Judgment against Defendants and submit this Motion for Entry of Final Default Judgment in compliance with the Court's November 25, 2014 Order requiring the same. (See ECF No. 38.)

## III.  **ARGUMENT**

### A.  **Default Judgment Should Be Entered Against the Defendants**.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

Personal jurisdiction over Defendants and venue in this Judicial District are proper under 28 U.S.C. § 1391 as Defendants direct business activities toward consumers within this District and cause harm to Plaintiffs' business through the commercial Internet iOffer auction stores and Internet websites and operating under the Seller IDs and Subject Domain Names.

#### 1.  **Default Judgment is Proper.**

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). See FED. R. CIV. P. 55. Upon entry of default, the well-pled factual allegations of Plaintiff's Complaint, other than those related to

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

STEPHEN M. GAFFIGAN, P.A.

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

damages, will be taken as true. <u>Johnson v. Connolly</u>, C 06-6414, 2007 WL 1151004, at *1-2 (N.D. Cal. Apr.18, 2007) (citing <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987)). Defendants are deemed to have admitted, upon default, all well-pled allegations in the First Amended Complaint. <u>DirecTV, Inc. v. Huynh</u>, 503 F.3d 847, 851 (9th Cir. 2007).

Although the procedural requirements for a default are satisfied, the decision to grant or to deny a request for default judgment lies within the court's sound discretion. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). When exercising this discretion, the court is guided by the following factors:

> (1) the merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring a decision on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Nonetheless, despite this discretionary standard, "default judgments are more often granted than denied." <u>Shanghai Automation Instrument Co. v. Kuei</u>, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001) (citing <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986); see also <u>Board of Trustees of the Sheet Metal Workers v. Sawyer</u>, 2000 U.S. Dist. LEXIS 10092, No. C99-3225 VRW, 2000 WL 1006522, *1 (N.D. Cal. July 13, 2000).). In this case, the First Amended Complaint, pleadings, and declarations filed in support of Plaintiff's Motion for Entry of Final Default Judgment clearly demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants.

### 2.  Factual Allegations Establish Defendants' Liability.

Title 15 U.S.C. § 1114(1) provides liability for trademark infringement if, without the consent of the registrant, Defendants use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark which "is likely to cause confusion, or to cause mistake,

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

**Stephen M. Gaffigan, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

or to deceive." <u>Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.</u>, 174 F.3d 1036, 1046 (9th Cir. 1999). In order to prevail on its trademark infringement claim, Plaintiff must establish (1) that it has valid, protectable trademarks, and (2) that the Defendants' use of the mark is likely to cause confusion. <u>Applied Info. Scis. Corp. v. eBay, Inc.</u>, 511 F.3d 966, 969-70 (9th Cir. 2007). See also <u>Brookfield Commc'ns, Inc.</u>, 174 F.3d at 1047.

To prevail on a claim of false designation of origin under Section 43(a) of the Lanham Act, Plaintiff must prove the Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, which is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiff. 15 U.S.C. § 1125(a)(1). See also <u>Brookfield Commc'ns, Inc.</u>, 174 F.3d at 1046 n. 6. As with trademark infringement claims, the test for liability for false designation of origin under Section 43(a) is also "whether the public is likely to be deceived or confused by the similarity of the marks" at issue. <u>Two Pesos, Inc. v. Taco Cabana, Inc.</u>, 505 U.S. 763, 780, 112 S. Ct. 2753, 2763 (1992). See also <u>Brookfield Commc'ns, Inc.</u>, 174 F.3d 1036, 1046 n. 6, 1047 n. 8 (holding the same legal standard applies to Sections 32(1) and 43(a) of the Lanham Act).

The well-pled factual allegations of Plaintiff's First Amended Complaint, including specifically those pled in Paragraphs 4-12, 21-28, 34-38, 41-45, properly allege the elements for each of the above claims and support liability on all Counts of the First Amended Complaint. Moreover, the factual allegations in Plaintiff's First Amended Complaint, substantiated by evidence submitted herewith, conclusively establish Defendants' liability under each of the claims asserted in the First Amended Complaint. Accordingly, Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants.

**B.  Plaintiff's Requested Relief Should Be Granted.**

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

**Stephen M. Gaffigan, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

1

### 1.   A Permanent Injunction Should Be Entered.

2

The Lanham Act authorizes a district court to issue an injunction "according to

3

the principles of equity and upon such terms as the court may deem reasonable," to prevent

4

violations of trademark law. 15 U.S.C. § 1116(a). See Levi Strauss & Co. v. Shilon, 121 F.3d

5

1309, 1314 (9th Cir. 1997). Indeed, "[i]njunctive relief is the remedy of choice for trademark and

6

unfair competition cases, since there is no adequate remedy at law for the injury caused by a

7

defendant's continuing infringement." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175,

8

1180 (9th Cir. 1988). Moreover, even in a default judgment setting, injunctive relief is available.

9

Intel Corp. v. Intelsys Software, LLC., No. C 08-03578 JW, 2009 WL 347239, at *3 (N.D. Cal.

10

Feb. 6, 2009); Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1178 (C.D. Cal. 2002)

11

(granting injunctive relief, in part because "in the absence of opposition by the non-appearing

12

defendant, it cannot be said that it is 'absolutely clear' that Defendant's allegedly wrongful

13

behavior has ceased and will not begin again"). Defendants' failure to respond or otherwise

14

appear in this action makes it difficult for Plaintiff to prevent further infringement absent an

15

injunction. See Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's

16

lack of participation in this litigation has given the court no assurance that defendant's infringing

17

activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.") Pursuant to 15

18

U.S.C. § 1116, this Court should permanently enjoin Defendants from continuing to infringe any

19

of Plaintiff's intellectual property rights, including the Chanel Marks.

20

Permanent injunctive relief is appropriate where a plaintiff demonstrates 1) it has suffered

21

irreparable injury; 2) there is no adequate remedy at law; 3) the balance of hardship favors an

22

equitable remedy; and 4) an issuance of an injunction is in the public's interest. eBay, Inc. v.

23

MercExchange, LLC, 547 U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). As

24

demonstrated herein, Plaintiff has clearly carried its burden on each of the four factors.

25

26

27

28

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

**STEPHEN M. GAFFIGAN, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

Accordingly, permanent injunctive relief is appropriate.

Defendants' actions merit permanent injunctive relief, not only to protect Plaintiff's reputation, but also to protect consumers from being deceived as to the quality and source of products bearing Chanel's trademarks. The facts alleged in Plaintiff's First Amended Complaint, substantiated by the evidence submitted herewith, show Defendants are "continuously infringing and inducing others to infringe" the Chanel Marks by using them to advertise, promote and sell goods bearing marks which are identical or altered to be identical to the Chanel Marks. (First Amend. Compl. ¶ 35. See also Gaffigan Decl. ¶¶ 2-4; Rosaler Decl. ¶¶ 2-5 and Comp. Exs. A and B thereto; Hahn Decl. ¶¶ 9-15 and Comp. Ex. B thereto.) The net effect of Defendants' actions will result in the confusion of consumers who will believe Defendants' counterfeit goods are genuine goods originating from and approved by Chanel. (See First Amend. Compl. ¶ 23, 28, 36, 42.)

Plaintiff is clearly suffering, and will continue to suffer, irreparable injury if Defendants' infringing activities are not permanently enjoined. (Hahn Decl. ¶ 17.) See also eBay, Inc., 547 U.S. at 392-93; Hotmail Corp. v. Van$ Money Pie Inc., 47 U.S.P.Q.2d 1020, 1026, C 98-20064 JW, 1998 WL 388389, at *7 (N.D. Cal. Apr. 16, 1998) (loss of goodwill and reputation as a result of customer confusion is not easily quantified and not adequately compensated with money damages); Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 502 (C.D. Cal. 2003) ("Failure to grant the injunction would needlessly expose the Plaintiff to the risk of continuing irreparable harm."). In any event, Plaintiff's First Amended Complaint alleges that Defendants' unlawful actions have caused irreparable injury to Plaintiff, and will continue to do so if Defendants are not permanently enjoined. (First Amend. Compl. ¶ 30, 39, 46.) Defendants have defaulted upon Plaintiff's factual allegations in that respect.

Moreover, Plaintiff has no adequate remedy at law so long as Defendants continue to use

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

**STEPHEN M. GAFFIGAN, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

Plaintiff's Marks in connection with the operation of the Internet websites and iOffer auction stores because Plaintiffs will have no control of the quality of what appear to be their products in the marketplace. (See First Amend. Compl. ¶¶ 23, 28-29, 36, 42.)  An award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill which will result if Defendants' infringing and counterfeiting actions are allowed to continue. (See First Amend. Compl. ¶¶ 27, 39, 46; See also Hahn Decl. ¶ 17.) Indeed, it can hardly be said that Defendants face hardship in refraining from their willful infringement of Chanel's trademarks, whereas Plaintiff faces hardship from loss of sales and its inability to control its reputation. In reality, Defendants have no cognizable hardship, as they will be prohibited from selling counterfeit goods, which is an illegal act to begin with. Finally, the public has an interest in the issuance of a permanent injunction against Defendants in order to prevent consumers from being misled by Defendants' products. See Nike, Inc. v. Leslie, 227 U.S.P.Q. 574, 575 (1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.") Ultimately, the permanent injunction will prevent consumer confusion and deception in the marketplace, and will protect Plaintiff's property interest in its Marks, which are the touchstones of trademark law. Therefore, this Court should enter permanent injunction to eliminate the means by which Defendants are conducting their unlawful activities.

### 2. Plaintiff's Damages as to Count I for Trademark Counterfeiting and Infringement.

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good.

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

STEPHEN M. GAFFIGAN, P.A.

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

The Court has wide discretion to set an amount of statutory damages. <u>Peer Int'l Corp. v. Pausa Records, Inc.</u>, 909 F.2d 1332, 1336 (9th Cir. 1990), cert. denied, 498 U.S. 1109, 111 S. Ct. 1019, 112 L. Ed. 2d 1100 (1991) (citing <u>Harris v. Emus Record Corp.</u>, 734 F.2d 1329, 1335 (9th Cir. 1984) (concluding that the Court's discretion in setting the amount of copyright damages is wide, "constrained only by specific maxima and minima.")). Indeed, an award of statutory damages has been determined to be an appropriate remedy even for infringements that caused no proved actual damages. See <u>Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.</u>, No. Civ. A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. <u>See, e.g.</u>, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages.) This case is no exception.

Additionally, a defendant's intent can be of probative value for establishing willfulness, triggering an enhanced statutory award. <u>Earthquake Sound Corp. v. Bumper Indus.</u>, 352 F.3d 1210, 1216-17 (9th Cir. 2003). A defendant is deemed to have acted willfully where the defendant knowingly and intentionally infringes the Plaintiff's intellectual property rights. <u>See id.</u> Willfulness may also be inferred from the Defendants' default. (First Amend. Compl. ¶ 27. <u>See</u> <u>Adobe Systems, Inc. v. Taveira</u>, Case No. C 08-2436 PJH, 2009 WL 506861, at *5 (N.D. Cal. Feb. 27, 2009) (upon default, Plaintiff's unrebutted allegations that Defendant's conduct was willful taken as true)). In either case, Defendants are deemed to have the requisite knowledge that their acts constitute an infringement. <u>See id.</u>

The Chanel Marks are renowned worldwide as identifiers of high quality merchandise.

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

STEPHEN M. GAFFIGAN, P.A.

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

The fact that Defendants sold goods using marks which are identical or altered to be identical to such strong marks shows her desire and purpose to trade upon Plaintiff's goodwill. Transgo, Inc. v. AJAC Transmission Parts Corp., 768 F.2d 1001, 1016 (9th Cir. 1985), cert denied, 474 U.S. 1059 (1986). The Ninth Circuit has held that "when an alleged infringer knowingly adopts a Mark similar to another's, courts will presume an intent to deceive the public." Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1394 (9th Cir. 1993). Indeed, in a case of clear-cut copying such as this it is appropriate to presume Defendants intended to cause confusion and benefit from the Plaintiff's reputation, to the detriment of the Plaintiff. Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc., 944 F.2d 1446, 1456 (9th Cir. 1991); Interstellar Starship Servs., Ltd. v. Epix, Inc., 184 F.3d 1107, 1111 (9th Cir. 1999), cert. denied, 528 U.S. 1155, 120 S. Ct. 1161, 145 L. Ed. 2d 1073 (2000) ("Adopting a designation with knowledge of its trademark status permits a presumption of intent to deceive. . . In turn, intent to deceive is strong evidence of a likelihood of confusion.")

In any event, however, Defendants have defaulted on Plaintiff's allegations of willfulness. (First Amend. Compl. ¶ 27.) As such, the Court should award a significant amount of statutory damages under the Lanham Act to ensure Defendants do not continue their intentional and willful counterfeiting and infringing activities.

The only available evidence in this case demonstrates Defendants distributed, advertised, offered for sale, and/or sold at least eleven (10) types of goods, namely, high quality costume jewelry, including bracelets, earrings, rings and necklaces, handbags, sunglasses, belts, shoes, and protective covers for portable electronic devices, including cell phones, bearing marks which were in fact counterfeits of the Chanel Marks protected by seven (7) Federal trademark registrations for such goods. (See Comp. Ex. B attached to Hahn Decl., a chart outlining each Chanel Registration and examples of the infringement thereof.) Based on the above

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

STEPHEN M. GAFFIGAN, P.A.

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

considerations, Chanel respectfully suggests the Court could start with the statutory award of $20,000.00 per registered Chanel Mark counterfeited per type of good sold. The following amounts should be entered against each Defendant in statutory damages pursuant to 15 U.S.C. 1117(c), based on their level of infringement in this case:[5]

- **Defendant 6 (Seller ID Armani39635):**
  $20,000.00 per registered Chanel Mark counterfeited (1) per type of good sold (1) results in a damage award against this Defendant in the amount of $20,000.00.

- **Defendant 7 (Seller IDs hohot and ring2013):**
  $20,000.00 per registered Chanel Mark counterfeited (2) per type of good sold (3) results in a damage award against this Defendant in the amount of $120,000.00.

- **Defendant 8 (Seller ID iphone6shop):**
  $20,000.00 per registered Chanel Mark counterfeited (1) per type of good sold (1) results in a damage award against this Defendant in the amount of $20,000.00.

- **Defendant 9 (Seller ID kaiem8886):**
  $20,000.00 per registered Chanel Mark counterfeited (1) per type of good sold (1) results in a damage award against this Defendant in the amount of $20,000.00.

- **Defendant 10 (Seller ID wideseaintl and Subject Domain Names ustrendy.com/store/casemoda and wish.com/merchant/casemoda):**
  $20,000.00 per registered Chanel Mark counterfeited (1) per type of good sold (1) results in a damage award against this Defendant in the amount of $20,000.00.

Plaintiff's requested damage amount is at the very low end of the range prescribed under 15 U.S.C. § 1117(c)(2) and is appropriate based on Defendants' extensive and willful counterfeiting of the Chanel Marks. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Chanel's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). Joint Statement of Trademark Counterfeiting Legislation, H.R.J. Res. 648, 98th Cong., 2nd Sess., 130 Cong.Rec. H12076, H12083; Philip Morris USA, Inc. v. Liu, 489 F. Supp. 2d 1119, 1123-24 (C.D. Cal. 2007) (awarding plaintiff $1,000,000.00 per mark infringed "based on the need (1) to deter

---

[5] Plaintiff calculated the total amount of damages per Defendant based off the number of Chanel Marks counterfeited per type of goods sold by each Defendant, as depicted in Exhibits A and B to the Rosaler Decl. filed herewith.

Defendant, and other counterfeiters, from violating Plaintiff's valid trademarks, (2) to compensate Plaintiff for the damage caused by Defendant's actions, and (3) to punish Defendant for his willful violation of Plaintiff's trademarks.") Many courts have granted statutory damages at a ration similar to Plaintiff's request herein. See <u>Chanel, Inc. v. Zhang San</u>, Case No. C 10-02180 RS (Jan. 10, 2011) (awarding $3,000.00 per twenty-one counterfeited marks per eight types of goods for a total of $504,000.00 in statutory damages); <u>Chanel, Inc. v. US880</u>, Case No. C 10-2601 PJH (JCS) (July 28, 2011) (awarding $3,000.00 each for fifteen demonstrated infringements for a total of $45,000.00 in statutory damages). Chanel believes that amount fairly achieves the statutory goals of compensation, punishment, and deterrence.

### 3.   Plaintiff's Damages as to Count II for False Designation of Origin.

Plaintiff's First Amended Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II). As to Count II, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Count II should be limited to the amounts awarded pursuant to Count I and entry of the requested equitable relief.

### 4.   Costs Should Be Awarded.

Plaintiff also requests this Court award costs in the total amount of $750.00 consisting of the filing fee ($400.00) and service of process fee ($350.00). (See Gaffigan Decl. ¶¶ 16-17.)

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court enter final default judgment and a permanent injunction against Defendants in the form of the proposed Final Default Judgment and Permanent Injunction filed herewith.

Respectfully submitted, this 22nd day of December, 2014.

Respectfully Submitted,

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

STEPHEN M. GAFFIGAN, P.A.

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

STEPHEN M. GAFFIGAN, P.A.

By: __*s:/smgaffigan/*_____

Stephen M. Gaffigan (Fla. Bar No. 025844)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: stephen@smgpa.net

John Du Wors (WSBA No. 33987)
Newman Du Wors LLP
1201 Third Avenue, Suite 1600
Seattle, WA  98101
Telephone: (206) 274-2800

Attorneys for Plaintiff, CHANEL, INC.

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

**STEPHEN M. GAFFIGAN, P.A.**

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819

1

## SCHEDULE A
## DEFENDANTS BY NUMBER AND SELLER IDS AND SUBJECT DOMAIN NAMES

2

3

| Defendant Number | Domain Name/ Seller ID |
|------------------|------------------------|
| 6 | Armani39635 |
| 7 | hohot |
| 7 | ring2013 |
| 8 | iphone6shop |
| 9 | kaiem8886 |
| 10 | wideseaintl |
| 10 | ustrendy.com/store/casemoda |
| 10 | wish.com/merchant/casemoda |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR ENTRY
OF FINAL DEFAULT JUDGMENT

STEPHEN M. GAFFIGAN, P.A.

401 East Las Olas Boulevard,
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819